**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Armando A. Ortiz
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUUNE O'BRYANT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>NY BACON LLC,<br><br>Defendant. | No: 1:24-cv-7150<br><br>**CLASS ACTION COMPLAINT** |

Juune O'Bryant ("Plaintiffs"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to herself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. NY Bacon LLC ("Defendant") owns and operates several Wendy's franchises in New York City. Specifically, Defendant owns and operates Wendy's restaurants located at 19 West 170th Street, Bronx, New York 10452; 2140 Westchester Avenue, Bronx, New York 10462; 2703 E. Tremont Avenue, Bronx, NY 10461; 4330 Boston Road, Bronx, New York 10475, and 5805 Broadway, Bronx New York 10463.

2. This action arises out of Defendant's failure to comply with the New York City Fair Workweek Law, Title 20, Chapter 12 of the New York City Administrative Code ("Fair Workweek Law").

1

3.     New York City passed the Fair Workweek Law to require fast food employers to provide their employees with predictable schedules with advance notice, sufficient time between shifts, and pathways to full-time employment.

4.     This lawsuit seeks to recover damages for Plaintiff and similarly situated hourly positions (collectively, "Fast Food Workers") who work or have worked for Defendant in New York. Specifically, this lawsuit also seeks to recover unpaid schedule change premiums and other damages for Plaintiffs and Fast Food Workers who work or have worked for Defendant in New York City.

5.     Defendant violated the Fair Workweek Law by failing to provide predictable schedules with at least 14-days' notice, changing employees' schedules at the last minute, requiring employees to work clopenings without written consent and without paying the premium, failing to offer new shifts to current employees before hiring new employees, and reducing employees' hours by more than 15% or terminating employees without just cause and without providing a written explanation. *See* N.Y.C. Admin. Code §§ 20-1221-22, 20-1231; 20-1241.

6.     Plaintiff brings this action on behalf of herself and all other similarly situated Fast Food Workers in New York City pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the Fair Workweek Law.

## THE PARTIES

### Plaintiff

**Juune O'Bryant**

7.     Juune O'Bryant ("O'Bryant"") is an adult individual who is a resident of the State of New York.

8.     O'Bryant was employed by Defendant as a fast food worker at their Wendy's location in New York City from in or around August 15, 2023 until November 15, 2023.

9. O'Bryant is a covered employee within the meaning of the Fair Workweek Law.

**Defendant**

**NY Bacon LLC**

10. NY Bacon LLC is a foreign business limited liability company organized and existing under the laws of Delaware

11. NY Bacon LLC's service of process address, listed with the New York Department of State, Division of Corporations, is CT Corporation System, 28 Liberty Street, NY, NY 10005.

12. Based on information and belief, NY Bacon LLC is the payer listed on Plaintiff's paystubs for work performed for Defendant.

13. NY Bacon LLC is listed in the State of Wisconsin franchise database as the corporate entity owning and operating the Wendy's franchise below:

| NEW YORK | NY BACON, LLC | 19 WEST 170TH STREET | BRONX | (718)681-0483 |
| NEW YORK | NY BACON, LLC | 2140 WESTCHESTER AVENUE | BRONX | (718)409-6174 |
| NEW YORK | NY BACON, LLC | 2703 E TREMONT AVE | BRONX | (718)824-2211 |
| NEW YORK | NY BACON, LLC | 4330 BOSTON ROAD | BRONX | (718)325-8750 |
| NEW YORK | NY BACON, LLC | 5805 BROADWAY | BRONX | (718)450-8809 |

14. NY Bacon LLC was and is a covered employer within the meaning of the Fair Workweek Law, and at all times relevant, employed Plaintiff and similarly situated employees.

15. NY Bacon LLC is a "fast food establishment" under the Fair Workweek Law because it is a limited-service establishment that is part of a chain with 30 or more establishments nationally, where patrons order or select food and drink items and pay before eating. N.Y.C. Admin. Code § 20-1201.

16. NY Bacon LLC has maintained control, oversight, and direction over Plaintiff and Fast Food Workers, including timekeeping, payroll, and other employment practices that applied to them

17. NY Bacon LLC applies the same employment policies, practices, and procedures

to all Fast Food Workers in its operation, including policies, practices, and procedures with respect to payment of wages and scheduling.

## JURISDICTION AND VENUE

18. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendant in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

19. The members of the proposed class are citizens of states different from that of Defendant.

20. There are over 100 members in the proposed class.

21. Defendant is subject to personal jurisdiction in New York.

22. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant conduct business in this District.

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings the First, Second, Third, Fourth, Fifth, and Sixth Causes of Action, Fair Workweek claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class of persons consisting of:

> All persons who work or have worked as Fast Food Workers for NY Bacon LLC between February 5, 2022[1] and the date of final judgment in this matter (the "Class").

24. The members of the Class each are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

---

[1] This class period is due to Governor Cuomo's Executive Order that tolled the applicable NYLL statute of limitations during the COVID-19 pandemic for 228 days. *See Brash v. Richards*, 195 A.D. 3d 582, 2021 WL 2213786, 2021 N.Y. Slip Op. 03436 (App. Div. 2d Dep't June 2, 2021) (holding executive order tolled rather than suspended statutes of limitations under New York law).

25. There are more than fifty members of each of the Class.

26. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions.

27. Plaintiff and the Class have all been injured due to Defendant's common policies, practices, and patterns of conduct. Defendant's corporate-wide policies and practices affected everyone in the Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the Class.

28. Plaintiff is able to fairly and adequately protect the interests of the Class has no interests antagonistic to the Class.

29. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

30. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

31. Common questions of law and fact exist as to the Class that predominate over any questions only affecting Plaintiff and/or each member of the New York Classes individually and include, but are not limited to, the following:

(a) whether Defendant failed to provide Plaintiffs and the Class with a written good faith estimate of the hours, dates, times, and locations of the employee's expected regular work schedule ("good faith estimate"); and whether Defendant reduced employees' hours worked by more than 15%, without just cause or a legitimate business reason, and without providing a written explanation. N.Y.C. Admin. Code § 20- 1221(a); N.Y.C. Admin. Code § 20- 1272;

(b) whether Defendant failed to provide Plaintiffs and the Class with a written work schedule at least 14 days before the first day of each schedule. N.Y.C. Admin. Code §§ 20-1201 and 20-1221(b)-(c); failed to post the schedule in the workplace and/or personally provide it to each employee, either electronically or on paper. N.Y.C. Admin. Code § 20-1221(c)(1); and/or failed to provide employees with the new versions of the schedule within 24 hours of making the change. Id. § 20-1221(c)(2);

(c) whether Defendant obtained written consent when requiring Plaintiffs and the Class to work additional time. N.Y.C. Admin. Code § 20-1221(d); 6 R.C.N.Y. § 7-606(a);

(d) whether Defendant paid Plaintiffs and the Class a schedule change premium ("premium pay") when they made a change of more than 15 minutes to an employee's schedule with less than 14 days' notice. N.Y.C. Admin. Code § 20-1222(a); 6 R.C.N.Y. § 7- 606(b);

(e) whether Defendant gave Plaintiffs and the Class the opportunity to work more shifts before hiring new employees. N.Y.C. Admin. Code § 20-1241; N.Y.C. Admin. Code § 20- 1221(a);

(f) whether Defendant maintained records that document their compliance with each of the above requirements of the Fair Workweek Law for three years. N.Y.C. Admin. Code § 20-1206(a); 6 R.C.N.Y. § 7- 609(a).

## PLAINTIFF'S FACTUAL ALLEGATIONS

32. Consistent with their policies and patterns or practices as described herein, Defendant harmed Plaintiffs, individually, as follows:

**Juune O'Bryant**

33. O'Bryant was employed at the Wendy's fast food establishment located at 19 West 170th Street, Bronx, New York 10452, as an hourly fast food employee from approximately

6

December 2022 to March 2024.

34. As a fast food employee at Wendy's, O'Bryant performed duties for Defendant that included preparing food, cleaning, customer service, and other similar responsibilities.

35. When Defendant first hired O'Bryant, it did not provide her with a good faith estimate of the hours, dates, times, and locations of her expected regular schedule in violation of N.Y.C. Admin Code § 20-1221(a).

36. Defendant regularly failed to provide O'Bryant with a written work schedule at least 14 days before the first day of each schedule in violation of N.Y.C. Admin. Code §§ 20-1201 and 20-1221(b)-(c). For instance, the schedule for the workweek starting April 22, 2024 was not created prior to April 10, 2024, meaning that it could not have been provided to O'Bryant or other Fast Food Workers at least 14 days before the start of the schedule. *See* **Ex. A**, April 22, 2024 Schedule (showing report time of April 10, 2024).

37. When Defendant added time to O'Bryant's work schedule with less than 14 days' advance notice – or no advance notice at all – it did not give O'Bryant an opportunity to decline to work the additional time in violation of N.Y.C. Admin. Code § 20-1221(d).

38. During O'Bryant's employment, Defendant regularly changed her schedule at the last minute and failed to pay her schedule change premiums in violation of N.Y.C. Admin. Code § 20-1222(a); 6 R.C.N.Y. § 7-606(b). For instance, O'Bryant recalls being asked to cover a shift the day before and even on the same day, requiring her to stay past her already scheduled shift. In these instances, she was asked to provide written consent and did not receive any schedule change premiums. O'Bryant was also cut more than 15 minutes from the end of her scheduled shift on several occasions, and did not receive any schedule change premiums.

39. Defendant also failed to notify O'Bryant of the details of the available shifts,

7

including whether the shifts were recurring and how to express interest in picking them up, before hiring new employees in violation of N.Y.C. Admin. Code § 20-1241.

40. Further, Defendant reduced O'Bryant hours by more than 15% from her highest amount of hours worked in the prior 12 months and failed to provide any written explanation for the reduction, in violation of N.Y.C. Admin. Code § 20-1221(a).

41. O'Bryant was terminated on or around March 27, 2024 without any showing of "just cause" and she did not receive any written explanation for her termination in violation of N.Y.C. Admin Code § 20-1272; 20-1211(c).

### FIRST CAUSE OF ACTION
### Fair Workweek Law
### Failure to Provide Written Good Faith Estimates
### (Brought on behalf of Plaintiff and the Class)

42. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

43. Defendant is required to provide each new employee with a written good faith estimate no later than when a new employee receives his or her first work schedule. N.Y.C. Admin. Code § 20-1221(a).

44. Defendant is also required to maintain records of the good faith estimates it provides to employees. N.Y.C. Admin. Code § 20-1206(a); 6 R.C.N.Y. § 7-609(a)(2)(i). A failure to maintain, retain, or produce a required record that is relevant to a material fact creates a rebuttable Defendant that such fact is true. N.Y.C. Admin. Code § 20-1206(b).

45. Defendant may not reduce the total hours in a fast food employee's regular schedule by more than 15% from the highest total hours contained in such employee's regular schedule at any time within the previous 12 months, unless the employee has previously consented to or requested such reduction in writing, without just cause or a legitimate business reason. N.Y.C.

Admin. Code § 20-1221(a).

46. Defendant committed a violation of § 20-1221(a) of the Fair Workweek Law each time it failed to provide a written good faith estimate to any hourly employee hired to work in any New York City store.

47. Defendant also committed a violation of § 20-1221(a) of the Fair Workweek Law each time it reduced an employees' regular schedule by more than 15% from the highest total hours as described herein.

48. Due to Defendant's violations of the Fair Workweek Law, § 20-1221(a), Plaintiff and the Class have been deprived of a predictable work schedule and are entitled to recover from Defendant compensatory damages and any other relief required to make the employees whole, and reasonable attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**Fair Workweek Law**
**Failure to Provide Advance Notice of Work Schedules**
**(Brought on behalf of Plaintiff and the Class)**

49. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

50. Defendant is required to provide employees with written notice of their work schedules at least 14 days before the first day of each schedule. N.Y.C. Admin. Code § 20-1221(b).

51. Defendant is also required to maintain records of each written schedule provided to each employee. N.Y.C. Admin. Code § 20-1206(a); 6 R.C.N.Y. § 7-609(a)(1)(iii). A failure to maintain, retain, or produce a required record that is relevant to a material fact creates a rebuttable presumption that such fact is true. N.Y.C. Admin. Code § 20-1206(b).

52. Defendant committed a violation of § 20-1221(b) of the Fair Workweek Law each week it failed to provide each employee with that employee's written work schedule 14 days in

9

advance.

53. Due to Defendant's violations of the Fair Workweek Law, § 20-1221(b-c), Plaintiff and the Class have been deprived of a predictable work schedule and are entitled to recover from Defendant compensatory damages and any other relief required to make the employees whole, and reasonable attorneys' fees and costs.

### THIRD CAUSE OF ACTION
### Fair Workweek Law
### Failure to Obtain Written Consent for Additional Hours
### (Brought on behalf of Plaintiff and the Class)

54. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

55. Defendant is required to obtain written consent from fast food employees who work additional hours that are not included in their initial work schedules. N.Y.C. Admin. Code § 20-1221(d).

56. Defendant is required to maintain records that show fast food employees' advance written consent to any schedule changes in which hours are added to the fast food employee's initial work schedule. N.Y.C. Admin. Code § 20-1206(a); 6 R.C.N.Y. § 7-609(a)(1)(ii). A failure to maintain, retain, or produce a required record that is relevant to a material fact creates a rebuttable presumption that such fact is true. N.Y.C. Admin. Code § 20-1206(b).

57. Defendant committed a unique violation of § 20-1221(d) of the Fair Workweek Law each time it failed to obtain a fast food employee's advance written consent for hours added to the initial work schedule.

58. Due to Defendant's violations of the Fair Workweek Law, § 20-1221(d), Plaintiff and the Class have been deprived of a predictable work schedule and are entitled to recover from Defendant compensatory damages and any other relief required to make the employee whole, and

reasonable attorneys' fees and costs.

## FOURTH CAUSE OF ACTION
### Fair Workweek Law
### Failure to Provide Schedule Change Premiums
### (Brought on behalf of Plaintiff and the Class)

59. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

60. Defendant is required to provide employees with premium pay for changes it makes to employees' work schedules any time after the 14-day statutory schedule provision date. N.Y.C. Admin. Code § 20-1222(a).

61. Defendant is required to maintain records that show each written work schedule provided to each employee, each employee's actual hours worked, and the amounts of premium pay provided to employees whose work schedules are changed by Defendant with less than 14 days' notice. N.Y.C. Admin. Code § 20-1206(a); 6 R.C.N.Y. §§ 7-609(a)(1) and 609(a)(2)(ii). A failure to maintain, retain, or produce a required record that is relevant to a material fact creates a rebuttable presumption that such fact is true. N.Y.C. Admin. Code § 20-1206(b).

62. Defendant committed a unique violation of § 20-1222(a) of the Fair Workweek Law each time it failed to pay required schedule change premiums to fast food employees whose work schedules it changed with less than 14 days' notice.

63. Due to Defendant's violations of the Fair Workweek Law, § 20-1222(a), Plaintiff and the Class have been deprived of a predictable work schedule and are entitled to recover from Defendant unpaid schedule change premiums, ranging from $10 to $75 for each violation, compensatory damages and any other relief required to make the employee whole, and reasonable attorneys' fees and costs.

**FIFTH CAUSE OF ACTION**
**Fair Workweek Law**
**Failure to Offer Newly Available Shifts to Existing Employees**
**(Brought on behalf of Plaintiff and the Class)**

64. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

65. Defendant is required to notify its current employees about newly available shifts and offer them those shifts before hiring any new employees. N.Y.C. Admin. Code § 20- 1241.

66. Defendant is required to maintain records that document its compliance with the Fair Workweek Law for three years. N.Y.C. Admin. Code § 20-1206(a). A failure to maintain, retain, or produce a required record that is relevant to a material fact creates a rebuttable presumption that such fact is true. N.Y.C. Admin. Code § 20-1206(b).

67. Defendant committed a unique violation of § 20-1241 of the Fair Workweek Law each time it failed to offer a current employee the shifts it subsequently offered to a new hire in the same Wendy's location.

68. Due to Defendant's violations of the Fair Workweek Law, § 20-1241, Plaintiff and the Class have been deprived of a predictable work schedule and are entitled to recover from Defendant compensatory damages and any other relief required to make the employee whole, and reasonable attorneys' fees and costs.

**SIXTH CAUSE OF ACTION**
**Fair Workweek Law**
**Termination, Layoffs, or Reduction of Hours Without "Just Cause"**
**(Brought on behalf of Plaintiff and the Class)**

69. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

70. The FWW prevents employees from being fired or having their hours reduced

without "just cause." N.Y.C. Admin. Code § 20-1272. Likewise, an employer seeking to terminate, layoff, or reduce hours must provide a written explanation to that employee detailing the reasoning for such adverse employment action. *Id.*

71.     Defendant terminated Plaintiff's employment without any such "just cause" and did not provide a written explanation detailing the reasons for termination.

72.     Due to Defendant's violations of the Fair Workweek Law, § 20-1272, Plaintiff and the Class have been deprived of their right to ongoing employment and their expected work schedules, and are entitled to recover from Defendant $500, rescission of any discipline issued, back pay, punitive damages, and reasonable attorneys' fees and costs. N.Y.C. Admin. Code § 20-1211(c).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similar persons, respectfully request that this Court grant the following relief:

A.     Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B.     Designation of Plaintiffs as representatives of the Class and counsel of record as Class Counsel;

C.     Unpaid schedule change premiums, compensatory damages, and penalties, back pay, loss of benefits pay, and punitive damages as provided by law, and any other relief required to make Fast Food Workers whole;

D.     Pre-judgment and post-judgement interest, as provided by law; and

E.     Reasonable attorneys' fees and costs of the action; and

F.     Such other relief as this Court shall deem just and proper.

Dated: New York, New York
September 20, 2024

                                              Respectfully submitted,

                                              */s/ Brian S. Schaffer*
                                              Brian S. Schaffer

                                              **FITAPELLI & SCHAFFER, LLP**
                                              Brian S. Schaffer
                                              Armando A. Ortiz
                                              28 Liberty Street, 30th Floor
                                              New York, New York 10005
                                              Telephone: (212) 300-0375

                                              *Attorneys for Plaintiff and*
                                              *the Putative Class*